THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
THE MILK EXCHANGE (Limited), Appellant.

Where it appears that a corporation has never exercised its powers or franchises and that such non-user is willful and without justification; also, that its officers have conspired to do other and illegal acts under cover of the corporation, an action is maintainable by the attorney-general under leave of the court to dissolve the corporation, although it is a private corporation.

(Argued April 11, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made September 8, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to dissolve defendant, a domestic corporation. The complaint after setting forth that defendant was incorporated for the purpose of buying and selling milk, the purchase of dairies and the sale of milk to dealers, alleged that defendant had from the date of its incorporation failed to act as a corporation for the purposes embraced in its charter, and set forth in the statement in the certificate filed, or for any lawful purpose, and was fraudulently and unlawfully incorporated for purposes other than those named in said certificate in pursuance of a fraudulent, unlawful and corrupt combination and scheme on the part of the milk dealers in New York city to control the price of milk; that its stockholders comprise all the principal milk dealers in said city and the owners of the principal creameries in the state; that the by-laws enacted by them, under which the directors are authorized to fix the standard of market price at which the milk shall be purchased by the individual stockholders, provide that in case of a failure by any of such stockholders to abide by the provisions of said by-laws or the price of milk so fixed by said board of directors, the latter are given power to declare the stock of any such stockholders forfeited; that said board has since the incorporation of defendant fixed and controlled the price of milk, but that defendant has not engaged in any business authorized by its charter, and has declared no dividends, but its sole business has been to control and fix the market price at which milk shall be bought and sold; that the purpose of said corporation is to strangle competition and to secure control of milk and its sale, and enhance the price to the consumers. The complaint also alleged that defendant had unlawfully employed agents to prevent the sale of milk by persons not stockholders, and had unlawfully combined and confederated with its stockholders and directors to limit and lessen the supply of milk in market in New York city with intent to create a monopoly, destroy

general competition and enhance the price of milk to the consumer.

A second count in the complaint further alleged that defendant had on certain dates unlawfully fixed the price of milk.

The following is the opinion in full:

"The defendant demurs to the entire complaint on the ground that it does not state facts sufficient to constitute a cause of action. A separate demurrer is also interposed to both the first and the second counts, on the ground that neither states facts sufficient to constitute a cause of action.

"I think the complaint states with sufficient fullness and certainty that the corporation has never exercised its powers or franchises since it was incorporated, and that such failure or non-user was willful and without justification. Upon this point the general allegations of conspiracy to do other and alleged illegal acts under cover of the corporation, are sufficient to show that the failure to exercise its privileges or to do the business for which it was formally incorporated, was not such a failure by defendant as might be harmless or overlooked by the state, but constituted within all decisions a proper ground of action by the attorney-general under leave of the court, for the purpose of obtaining a decree dissolving the company. Although it is a private corporation, where a non-user of the character alleged in this complaint is shown, it is to the public interest that the corporation should be dissolved. This would lead to the affirmance of the judgment overruling the demurrer to the whole complaint. There is enough stated in each of the separate causes of action to make it necessary to overrule the demurrer thereto on the same ground as is taken in disposing of the demurrer to the whole complaint.

"The second cause of action re-states all that is contained in the first, and adds something more and claims the whole to constitute a separate ground of forfeiture.

"The second count shows the same non-user as the first, but there are added certain other allegations as to unlawfully fixing the price of milk and unlawfully limiting the supply thereof, which would furnish additional reasons for the forfeiture under the non-user clause in the statute. These might be set up in a separate count, although not probably necessary in

order to permit of proof being given in regard thereto if set up in the first count.

"It is claimed, however, that these allegations of unlawfully fixing the price and limiting the supply of milk are of such a nature as to warrant a forfeiture and dissolution in and of themselves. It might be said that if these acts were•unlawful as alleged, then the defendant had no right to perform them. But the allegation as to illegality is in such a case a conclusion of law, and not admitted by the demurrer. Under the charter of defendant, they might be claimed to be unauthorized, and hence proper to be alleged as acts which showed the character of the non-user of the actual franchises given by the charter, and that such non-user was willful and wrong, and, therefore, it was good ground for enforcing the forfeiture.

"Whether an agreement in regard to the price, or one looking towards the limiting, to some extent, of the supply of an article must necessarily be illegal under any and all circumstances, we do not decide upon this demurrer. The proper determination of such a question will be the more easily arrived at after a trial, when the evidence is in and the facts and inferences therefrom duly found, and after opportunity for full discussion thereon has been given to all sides.

"It is one of great importance, involving the right to agree as to price, or as to the limitation of the supply of an article under any circumstances, and we think it better to leave such question untouched by this decision.

"As each count in the complaint states a good cause of action, the judgment must be affirmed, with costs, with leave to defendant to answer on payment of costs, etc."

*Alfred Ely* for appellant

*S. W. Rosendale, Attorney-General,* for respondent.

PECKHAM, J., reads for affirmance.
All concur, except MAYNARD, J., not sitting.
Judgment affirmed.